MICHAEL W. VIVOLI (SBN 184366)
mvivoli@vivolilaw.com
JASON P. SACCUZZO (SBN 221837)
jsaccuzzo@vivolilaw.com
DUSTIN A. PINDER (SBN 326056)
dpinder@vivolilaw.com
VIVOLI SACCUZZO, LLP
3104 Fourth Avenue
San Diego, California 92103
(619) 744-9992 (Tel)
(619) 744-9994 (Fax)

Attorney for Defendant,
PALM TREE HOSPITALITY CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PALM TREE HOSPITALITY CORPORATION, a California corporation,<br><br>Defendants. | Case No.: 19-CV-1569-JLS-WVG<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: August 21, 2019<br>Trial Date:  Not Set |

Defendant Palm Tree Hospitality Corporation ("Defendant") responds as follows to the Plaintiff James Rutherford ("Plaintiff") Complaint. Unless specifically admitted, Defendant denies each of the allegations in the Complaint.

## **PARTIES**

1. In response to paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these

---

1
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

allegations and on that basis denies these allegations at this time and upon examination of Plaintiff and closure of discovery. Defendant denies, upon information and belief, that Plaintiff, a professional American with Disabilities Act ("ADA") plaintiff with countless ADA lawsuits against California businesses, encountered any actual or actionable "discrimination" or violation of civil rights for which Defendant may be responsible.

2. In response to paragraph 2 of the Complaint, Defendant admits that it owned the property located at 5399 Adobe Falls Road, San Diego, California 92120 ('Property") on or around November 17, 2018. Defendant denies any and all remaining allegations as phrased.

3. In response to paragraph 3 of the Complaint, Defendant admits that it has an ownership interest in the Property targeted by Plaintiff. Defendant denies any and all remaining allegations as phrased.

4. In response to paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff seeks in this action, and on that basis denies this allegation. Defendant further denies that Plaintiff is entitled to damages of any nature or degree, injunctive and declaratory relief, and/or attorneys' fees and costs.

5. In response to paragraph 5 of the Complaint Defendant admits that this Court has original jurisdiction for Plaintiff's federal claims advanced under the ADA

6. In response to paragraph 6 of the Complaint, Defendant denies that the exercise of supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 is warranted and appropriate. Defendant reserves its right to request this Court decline to exercise supplemental jurisdiction over Plaintiff's claims founded in state law.

/ / / /

/ / / /

7. In response to paragraph 7 of the Complaint, Defendant admits that venue in this district is proper under 28 U.S.C. § 1391(b),(c) as Plaintiff's allegations appear to relate to certain real property located in this judicial district.

8. In response to paragraph 8 of the Complaint, Defendant is currently without knowledge or information sufficient to form a belief as to the truth of these allegations as phrased, and on that basis denies these allegations at this time.

9. In response to paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations as currently phrased.  However, Defendant does admit that certain portions of the targeted property are open to the public and are intended for business use.

10. In response to paragraph 10 of the Complaint, Defendant is currently without knowledge or information sufficient to form a belief as to the truth of these allegations as phrased, and on that basis denies these allegations at this time.

11. In response to paragraph 11 of the Complaint, Defendant, upon information and belief, deny Plaintiff's claims and allegations as phrased. Defendant further objects to Plaintiff's self-serving legal conclusions and arguments.

12. In response to paragraph 12 of the Complaint, Defendant, upon information and belief, deny Plaintiff's claims and allegations as phrased. Defendant further objects to Plaintiff's self-serving legal conclusions and arguments.

13. In response to paragraph 13 of the Complaint, Defendant is currently without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations at this time.

14. In response to paragraph 14 of the Complaint, Defendant, upon information and belief, deny Plaintiff's claims and allegations as phrased.

1  Defendant further objects to Plaintiff's self-serving legal conclusions and
2  arguments.

3   15.  In response to paragraph 15 of the Complaint, Defendant, upon
4  information and belief, deny Plaintiff's claims and allegations as phrased.
5  Defendant further objects to Plaintiff's self-serving legal conclusions and
6  arguments.

7   16.  In response to paragraph 16 of the Complaint, Defendant is currently
8  without knowledge or information sufficient to form a belief as to the truth of these
9  allegations as phrased, and on that basis denies these allegations at this time.

10   17.  In response to paragraph 17 of the Complaint, Defendant is currently
11 without knowledge or information sufficient to form a belief as to the truth of these
12 allegations as phrased, and on that basis denies these allegations at this time.

13   18.  In response to paragraph 18 of the Complaint, Defendant is currently
14 without knowledge or information sufficient to form a belief as to the truth of these
15 allegations as phrased, and on that basis denies these allegations at this time.

16   19.  In response to paragraph 19 of the Complaint, Defendant is currently
17 without knowledge or information sufficient to form a belief as to the truth of these
18 allegations as phrased, and on that basis denies these allegations at this time.

19   20.  In response to paragraph 20 of the Complaint, Defendant is currently
20 without knowledge or information sufficient to form a belief as to the truth of these
21 allegations as phrased, and on that basis denies these allegations at this time.

22   21.  In response to paragraph 21 of the Complaint, Defendant is currently
23 without knowledge or information sufficient to form a belief as to the truth of these
24 allegations as phrased, and on that basis denies these allegations at this time.
25 Defendant further objects to Plaintiff's self-serving legal conclusions and
26 arguments.

27   22.  In response to paragraph 22 of the Complaint, Defendant, upon
28 information and belief, deny Plaintiff's claims and allegations as phrased.

Defendant further objects to Plaintiff's self-serving legal conclusions and arguments.

23. In response to paragraph 23 of the Complaint, Defendant is currently without knowledge or information sufficient to form a belief as to the truth of these allegations as phrased, and on that basis denies these allegations at this time. Defendant further objects to Plaintiff's self-serving legal conclusions and arguments.

24. In response to paragraph 24 of the Complaint, Defendant is currently without knowledge or information sufficient to form a belief as to the truth of these allegations as phrased, and on that basis denies these allegations at this time. Defendant further objects to Plaintiff's self-serving legal conclusions and arguments.

25. In response to paragraph 25 of the Complaint, Defendant is currently without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations at this time. Defendant further denies that Plaintiff is entitled to damages of any nature or degree, injunctive and declaratory relief, and/or attorneys' fees and costs.

26. In response to paragraph 26 of the Complaint, Defendant incorporates responses contained in paragraphs 1 through 26 of this Answer as if separately restated herein.

27. In response to paragraph 27 of the Complaint, Defendant states that the law speaks for itself.

28. In response to paragraph 28 of the Complaint, Defendant, upon information and belief, deny Plaintiff's claims and allegations as phrased. Defendant further objects to Plaintiff's self-serving legal conclusions and arguments.

29. In response to paragraph 29 of the Complaint, Defendant states that the law speaks for itself.

30. In response to paragraph 30 of the Complaint, Defendant is currently without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations at this time.

31. In response to paragraph 31 of the Complaint, Defendant denies the allegations upon information and belief and denies that Plaintiff is entitled to any injunctive relief of any nature. Defendant further denies that Plaintiff is entitled to damages of any nature or degree, declaratory relief, and/or attorneys' fees and costs.

32. In response to paragraph 32 of the Complaint, Defendant incorporates responses contained in paragraphs 1 through 32 of this Answer as if separately restated herein.

33. In response to paragraph 33 of the Complaint, Defendant, upon information and belief, deny Plaintiff's claims and allegations as phrased. Defendant further objects to Plaintiff's self-serving legal conclusions and arguments.

34. In response to paragraph 34 of the Complaint, Defendant denies the allegations upon information and belief and deny that Plaintiff is entitled to any award of damages of any nature or amount, or any other relief. Defendant reserves any and all rights afforded to it pursuant to California Civil Code §§ 54.3 and 55.

35. In response to paragraph 35 of the Complaint, Defendant, upon information and belief, deny Plaintiff's claims and allegations as phrased. Defendant further objects to Plaintiff's self-serving legal conclusions and arguments.

## **PRAYER**

In response to Plaintiff's Prayer, such does not require a response, but to the extent a response is necessary, Defendant denies that Plaintiff is entitled to the requested relief whatsoever as to this Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(failure to State a Claim)**

The Complaint filed herein, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Plaintiff lacks standing to the extent he seeks relief for alleged barriers that do not impact his particular disability, or to the extent he did not suffer any actual injury.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff, by delaying prosecution of this action until the present time, is barred in whole or in part by the doctrine of laches from maintaining each and every purported cause of action alleged in the Complaint, or from recovering any damages thereunder from Defendant.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

The alleged claims in the Complaint are barred and/or Plaintiff's purported "damages" are to be reduced or denied in their entirety to the extent Plaintiff failed to mitigate such purported damages.

### FIFTH AFFIRMATIVE DEFENSE

**(Acts or Omissions of Plaintiff)**

The alleged claims in the Complaint are barred to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff.

## Sixth Affirmative Defense
## (Failure to Give Notice)

The Complaint and the purported "damages" referenced therein are barred and/or subject to a mitigation analysis because Plaintiff has failed to give any reasonable notice to Defendants, prior to filing suit, that he considers Defendant's premises to be out of compliance with state or federal law.

## SEVENTH AFFIRMATIVE DEFENSE
## (Estoppel)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith of Defendant)

Plaintiff is not entitled to statutory or punitive damages because at all relevant times Defendant, upon information and belief, acted in good faith in an effort to comply with all state and federal laws and regulations.

## NINTH AFFIRMATIVE DEFENSE
## (No Injury to Plaintiff)

The Complaint, and each cause of action contained therein, is barred because Plaintiff has not been injured and/or damaged at all as a result of the alleged conduct by Defendants.

## TENTH AFFIRMATIVE DEFENSE
## (Readily Achievable Defense)

To the extent the Complaint, or any purported cause of action contained therein, purports to allege that removal of architectural barriers at the property is "readily achievable," Defendant states that such removal cannot be easily accomplished and cannot be carried out without much difficulty or expense.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation Defense)

To the extent the Complaint, or any purported cause of action contained therein, purports to allege a barrier fails to meet the specific scope requirements of the applicable ADA Accessibility Guidelines, such element(s) do not constitute barriers because they provide substantially equivalent or greater access to Plaintiff.

### ADDITIONAL DEFENSES

Defendant reserves the right to allege additional defenses as they become known during discovery, and to amend its Answer accordingly.

### PRAYER FOR RELIEF

**WHEREFORE**, this answering Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by virtue his Complaint on file herein;
2. That judgment be entered in favor of this Defendant and against Plaintiff;
3. For costs of suit incurred herein, including reasonable attorney's fees; and
4. For such other and further relief as the court may deem just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demands a trial by jury of all issues so triable.

Dated: October 10, 2019         VIVOLI SACCUZZO, LLP

                                By: /s/ Jason P. Saccuzzo
                                    JASON P. SACCUZZO
                                    DUSTIN A. PINDER
                                    Attorney for Defendant,
                                    PALM TREE HOSPITALITY
                                    CORPORATION